When it is said that an implied promise will take a case out of the statute of limitations, but that it requires an express promise, after full age, to bind a person to the performance of a contract made during his minority — all that is meant thereby is, that in the first case the law will make the *Page 11 
promise, if there is an acknowledgment of a sufficient consideration; in the latter case, the party must make it himself;
but the law has prescribed no form in which this promise shall be made; it may be by words, it may be by signs or acts;
anything which shows an acquiescence, or an assent of ( 15 ) the party's mind, is sufficient. The judge, therefore, mistook the meaning of the judge of the Supreme Court, to whose opinion he referred in his charge; at least, he mistook the law in saying to the jury that if they believed the aforesaid facts (referring to the testimony of the witnesses) they should find for the plaintiff. He should have told them that if they believed the facts, and inferred therefrom that the defendant promised to pay, that is, in the manner before stated, yielded or gave his assent to pay, then they should find for the plaintiff; for very clearly, from the facts deposed to, it was an inference of fact, and not of law, whether he promised or did not promise. He, therefore, undertook to draw an inference of fact when he gave these instructions.
The judgment must be reversed, that the jury may act understandingly on the subject.